# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0140, <u>Kenneth McKenzie v. Town of Eaton Planning Board & a.</u>, the court on March 7, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Kenneth McKenzie, appeals an order of the Superior Court (<u>Ignatius</u>, J.), following a two-day bench trial, denying his request for relief under the Right-to-Know Law. <u>See</u> RSA ch. 91-A (2013 & Supp. 2017). The plaintiff filed a petition for injunctive and other relief against the defendants, the Town of Eaton Planning Board (board) and its chairman, Paul Savchick, alleging violations of the Right-to-Know Law in connection with a board meeting held on May 11, 2016. On appeal, he argues that the trial court erred in finding that the defendants did not violate the Right-to-Know Law when, he alleges, three members of the board discussed a pending application outside a meeting, and when the board allegedly held a meeting, or part thereof, that was neither audible nor discernible to the public.

"We resolve questions regarding the Right-to-Know Law with a view to best effectuate the statutory objective of facilitating open access to the actions and decisions of public bodies." <u>Ettinger v. Town of Madison Planning Bd.</u>, 162 N.H. 785, 788 (2011). We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. <u>Sutton v. Town of Gilford</u>, 160 N.H. 43, 55 (2010).

The record shows that the board formerly conducted its meetings at a large table, referred to as the "back table," in the town hall meeting room. Board members sat at three sides of the table, and interested public members sat at the remaining side. After its April 2016 meeting, the board voted to change its seating policy so that public members no longer would be allowed to sit at the table; instead, they would sit in the audience section. The board would hold its meetings at the "front table," approximately six feet from the first row of seats in the audience section.

The plaintiff first argues that the trial court erred in finding that the defendants did not violate RSA 91-A:2-a, II (2013) when three members of the board allegedly discussed a pending subdivision application at the back table,

shortly before the start of the meeting. RSA 91-A:2-a, II provides that "[c]ommunications outside a meeting, including, but not limited to, sequential communications among members of a public body, shall not be used to circumvent the spirit and purpose" of the Right-to-Know Law.

The members involved in the discussion were the board chairman and two members who had missed the board's previous meeting, during which the applicant had first presented her subdivision plan to the board. The chairman answered one member's questions regarding the meaning of certain abbreviations and notations on the plan. At trial, the chairman testified that because the two members were absent at the prior meeting, the purpose of the discussion was to bring them up to date on the status of the application. The chairman testified that he and the other two members did not discuss the merits of the subdivision application, and that it was not his intent to circumvent the Right-to-Know Law.

We conclude that the record supports the trial court's finding that this brief discussion was not "used to circumvent the spirit and purpose" of the Right-to-Know Law. See Sutton v. Town of Gilford, 160 N.H. at 55. Accordingly, we conclude that the court did not err in finding that the discussion did not constitute a violation of RSA 91-A:2-a, II.

The plaintiff next argues that the trial court erred in finding that the defendants did not violate RSA 91-A:2, III(c) (2013) by allegedly holding a meeting, or part thereof, that was neither audible nor discernible to the public. RSA 91-A:2, III(c) provides, in relevant part, that "[e]ach part of a meeting required to be open to the public shall be audible or otherwise discernible to the public at the location specified in the meeting notice as the location of the meeting." For purposes of the Right-to-Know law, a "meeting" means the convening of a quorum of the membership of a public body "for the purpose of discussing or acting upon a matter or matters of which the public body has supervision, control, jurisdiction, or advisory power." See RSA 91-A:2, I (2013).

The record shows that the board assembled, as usual, at the back table, to collect their meeting materials and to look at the plan that was to be discussed at the meeting. The chairman described the back table as "the table at which we gather before we actually start a meeting." The plaintiff asserts that he was unable to hear the board's discussion at the back table when he was seated in the audience section. However, the chairman testified that the board did not discuss or act upon any business matters while its members were seated at the back table. The trial court found that "the transcript shows nothing but small talk taking place." The chairman testified, and the trial court found, that the meeting began when the board moved from the back table to the front table. The plaintiff does not argue that the meeting at the front table was not audible from the audience section.

2

We conclude that the record supports the trial court's finding that the board did not hold a "meeting" at the back table because it did not discuss or act upon business matters while its members were seated at the back table. See Sutton v. Town of Gilford, 160 N.H. at 55. Accordingly, we conclude that the court did not err in finding that the defendants did not violate RSA 91-A:2, III(c) because they did not hold a meeting, or part thereof, that was neither audible nor discernible to the public.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
